# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

```
FRED McCARTY,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )  No. CIV-11-186-FHS
                               )
PUBLIC SERVICE COMPANY OF      )
OKLAHOMA,                      )
                               )
          Defendant.           )
```

## Order

Before the court for its consideration is Plaintiff's Motion To Strike Certain Of Defendant's Defenses With Authority. For the reasons set forth below the court grants the plaintiff's motion.

Plaintiff filed this motion requesting this court to either enter judgment on the pleadings or to strike insufficiently pled affirmative defenses. In the motion, plaintiff argued the Answer filed by defendant did not comply with the standards enumerated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff is requesting this court to strike defendant's Affirmative Defense # 6, which is the same action defense; Affirmative Defense #7, which is the good faith defense; Affirmative Defense # 8, which is the Farragher-Ellerth defense; Affirmative Defense #9, which is the estoppel, laches, waiver defense and Affirmative Defense #13, which stated an unconditional reservation of right to amend.

Defendant responded there is conflicting authority about Twombly's application to an Answer and that regardless of the standard that would be applied to the Answer their defenses are sufficiently pled.

The Tenth Circuit Court of Appeals has not specifically addressed whether the *Twombly* standard applies to an Answer. However, Judge Payne who also presides in the Eastern District of Oklahoma has addressed the issue. In *Pezzuto v. Premier Hospitality, Inc.*, 2010 WL 2788163 (2010) Judge Payne noted:

> The District Court for the Western District of Oklahoma addressed a similar challenge in *Schlottman v. Unit Drilling Co., L.L.C.,* 2009 WL 1764855 (W.D.Okla. June 18, 2009). In *Schlottman,* the Hon. Robin Cauthron, held, assuming, without deciding, that affirmative defenses must be pleaded in conformance with the guidelines set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In determining the sufficiency of a responsive pleading, it must be compared and considered in connection with the complaint itself. It is likely that an answer, with or without affirmative defenses, will contain fewer factual assertions than a complaint and still be sufficient. Plaintiffs often are forced to plead generalities because of lack of information and/or because necessary information is in the possession of defendants and cannot be obtained prior to discovery. Thus, the standards for pleading a claim are necessarily liberal. What is primary is that the complaint "show[ ] that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading requirement serves two purposes. First, it ensures that defendants know the actual grounds of the claim against them, and can therefore prepare a defense. Second, it avoids ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim. *Bryson v. Gonzales,* 534 F.3d 1282, 1287 (10th Cir.2008) (internal citation and quotation marks omitted).

Judge Payne further noted:

> Although this Court recognizes the *Schlottman* decision is not controlling authority, this Court finds it to be well reasoned and persuasive. This Court agrees with the *Schlottman* Court that by the very nature of bare allegations contained in the Complaint, the Answer and asserted defenses will often be pled in generalities. Without deciding the issue, if this Court were to impose the requirements set forth in Rule 8(a)(2) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct.

<u>1955, 167 L.Ed.2d 929 (2007)</u> to the Defendants' affirmative defenses, when the Defendants' Answers are read in conjunction with the Plaintiff's Complaint, this Court finds the Answers are sufficient to satisfy this pleading standard. The Answers and asserted defenses of both Defendants are sufficient to place the Plaintiff on notice of the defenses they intend to allege. <u>Pezzuto</u> at 2.

This court agrees with both Judge Payne and Judge Cauthorn and also assumes without deciding that <u>Twombly</u> applies to an Answer. In the case at the bar, however, the allegations contained in defendant's Answer are not even a generality. They merely cite the name of the defense the defendant is asserting. They contain no valid factual basis for their assertion. Defendant had pled these defenses in hopes that they might somehow and in some way, possibly apply. This is wholly insufficient under the <u>Twombly</u> standard. The court finds the defendant's affirmative defense numbers 6,7,8,9 and 13 insufficient under the <u>Twombly</u> standard and orders them stricken.

IT IS SO ORDERED this 10th day of August, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma